# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2026

Lyle W. Cayce
Clerk

————————

No. 25-40007

————————

Ronald Elizondo, Sr., *Individually and as the lawful heir of the Estate of Ronald Elizondo, Jr.*; Maria Elizondo, *Individually and as the lawful heir of the Estate of Ronald Elizondo, Jr.*,

*Plaintiffs—Appellants*,

*versus*

Donald Hinote,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CV-191

_____

Before Southwick, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ronald and Maria Elizondo brought claims under 42 U.S.C. § 1983 against Texas State Trooper Donald Hinote for use of excessive force in the fatal shooting of their son, Ronald Elizondo, Jr. The district court granted summary judgment to Trooper Hinote. We affirm.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40007

## I.

We review the summary judgment facts in the light most favorable to the Elizondos, drawing all reasonable inferences in their favor. *See Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). But "when there is video evidence available in the record, the court is not bound to adopt the non-moving party's version of the facts if it is contradicted by the record, but rather should view the facts in the light depicted by the videotape." *Scott v. City of Mandeville*, 69 F.4th 249, 254 (5th Cir. 2023) (cleaned up).

Trooper Hinote resides in a high-crime neighborhood plagued by burglaries. In fact, Hinote's patrol car had previously been burglarized twice while parked in his driveway. On the night of the incident in question, Hinote's vehicle was burglarized for a third time. The facts are as follows:

Hinote returned from a late shift and fell asleep in a chair. Around 1:30 am, 17-year-old Ronald Elizondo broke into Hinote's personal vehicle and stole a hatchet. Elizondo then broke into a second vehicle belonging to Hinote's neighbor that was parked in front of Hinote's house.

Meanwhile, Hinote had been awakened by a security alarm. He checked his security camera feed and noticed that the lights were on in his vehicle. Realizing that his car had been burglarized yet again, Hinote grabbed his personal handgun and ran outside. Hinote first checked his truck to confirm no one was inside. He then noticed the lights in his neighbor's car were on.

Hinote approached the vehicle, noticed that someone was inside, and called "Hey, get out of there!" Before Hinote could identify himself as a police officer, Elizondo turned and ran directly toward Hinote. In that moment, Hinote saw an object in Elizondo's hand that Hinote believed to be a weapon. Hinote discharged his firearm, hitting Elizondo three times.

2

Hinote then called 911 and administered first aid. But Elizondo died after reaching the hospital.

After his death, Elizondo's parents sued Hinote, arguing that his use of force was unreasonable under the circumstances and barred by clearly established law. Hinote asserted qualified immunity and moved for summary judgment. The district court granted Hinote's motion, ruling that Hinote's use of force was not unreasonable and did not violate clearly established law. The Elizondos appealed.

## II.

"We review the district court's grant of summary judgment *de novo*." *Timpa v. Dillard*, 20 F.4th 1020, 1028 (5th Cir. 2021). Ordinarily, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). But a "good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (cleaned up).

To prevail on an excessive force claim, the Elizondos must show "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). In determining reasonableness, courts should consider the "totality of the circumstances." *Barnes v. Felix*, 605 U.S. 73, 80 (2025) (cleaned up). And "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

No. 25-40007

### III.

The sole issue on appeal is whether Hinote is entitled to qualified immunity. To overcome qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). Courts have discretion to address these two prongs in any order. *See id.* Here the second prong is dispositive. *See Camreta v. Greene*, 563 U.S. 692, 705 (2011) (explaining that a "longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them") (cleaned up).

To demonstrate that a right was clearly established, the Elizondos must "identify[] a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment" and to "explain[] why the case clearly proscribed the conduct of that individual officer." *Joseph ex rel. Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020). "The Supreme Court strictly enforces the requirement to identify an analogous case and explain the analogy." *Id.* at 346. "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right clearly in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Here, the cases proffered by the Elizondos are factually inapposite and thus could not possibly have provided Hinote with "fair notice that h[is] conduct was unlawful." *Nerio v. Evans*, 974 F.3d 571, 574 (5th Cir. 2020) (cleaned up).

4

The Elizondos first argue that *Tennessee v. Garner*, 471 U.S. 1 (1985), clearly establishes that Hinote's actions were unreasonable. In *Garner*, the Supreme Court established that "[t]he use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable." *Id.* at 11. But *Garner* dealt with the reasonableness of shooting an unarmed suspect running *away* from an officer—not a seemingly armed suspect charging directly at the officer. *See id.* at 3–4. Thus, *Garner* is materially distinguishable and fails to clearly establish that Hinote's actions were unreasonable.

The Elizondos next proffer *Lytle v. Bexar County*, 560 F.3d 404 (5th Cir. 2009). In *Lytle*, an officer fired at a fleeing suspect's vehicle as the suspect drove away, accidentally hitting a passenger in the vehicle. *Id.* at 412. The court upheld the district court's denial of summary judgment to the officer, reasoning that a jury could find the officer's actions unreasonable because "[i]t is unclear how firing at the back of a fleeing vehicle some distance away was a reasonable method of addressing the threat." *Id.* But like *Garner*, the facts of *Lytle* differ meaningfully from those present here. The *Lytle* suspect drove away from the officer, and Elizondo charged directly at Hinote. Thus, *Lytle* does not clearly establish that Hinote's actions were unreasonable.

Nor does the Elizondos' next case, *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019). In *Cole*, multiple officers followed a suicidal individual who was walking along a highway holding a firearm to his head. *Id.* at 448–50. Officers shot the suspect without warning. *Id.* at 449. This court affirmed the district court's denial of summary judgment to the officers as to qualified immunity. *Id.* at 457. But *Cole* in no way mirrors this case. In *Cole*, as in *Garner* and *Lytle*, there's no indication that the suspect charged directly at an officer. But here Elizondo ran directly at Hinote from a short distance away while holding an object that Hinote could have reasonably believed in the darkness to be a

firearm. Thus, *Cole* too fails to provide the "near-analogous facts" necessary to clearly establish the law. *Vincent*, 805 F.3d at 547.

To the extent the Elizondos rely on *Mason v. Lafayette City-Parish Consolidated Government*, 806 F.3d 268 (5th Cir. 2015), their arguments fail. *Mason* involved drastically different facts than those here. In *Mason*, officers shot a suspect in his home following a tense altercation with multiple other individuals in the residence. *Id.* at 273. But here, as the court has already repeated at length, Hinote encountered Elizondo alone and clearly instructed him to step away from the car. Elizondo instead charged directly at Hinote.

Thus, the Elizondos have proffered no case that remotely establishes that Hinote's actions were unreasonable. Hinote is entitled to qualified immunity.

## IV.

Ronald Elizondo's death was unquestionably a tragedy—but not one for which Trooper Hinote may be held liable. Trooper Hinote's actions did not violate clearly established law. As such, he is entitled to qualified immunity. The judgment of the district court is affirmed.